IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BART MARCELL PITCHER,          )<br>                                                              )<br>       Plaintiff,                              )<br>                                                              )<br>v.                                                        )<br>                                                              )<br>CITY OF PRESTON,                     )<br>                                                              )<br>       Defendant.                          )<br>_____)  | Case No. CV 05-407-E-FVS<br><br>ORDER VACATING<br>SETTLEMENT CONFERENCE |

    While preparing to conduct the settlement conference presently scheduled for April 5, 2007, I began with my standard practice of preparation by reading the entire file ten days to two weeks in advance of the mediation.  In this manner, I am better able to understand and apply the settlement materials submitted by counsel for the parties, be more fully acquainted with the pleadings, the issues presented, and the history of the action, and be better able in every respect to assist the attorneys and their respective clients to resolve the dispute and pending litigation.

    Until I began reviewing the file earlier this week, I had forgotten that this was a case initially assigned to me on the civil draw at the time it was filed on September 30, 2005.  In reviewing the docket sheet it appears that a total of five consent forms were filed on January 13, 20, 23, and on February 13 and 27, 2006.  However, on March 10, 2006 an objection was filed to having a United States Magistrate Judge preside over this action. (Docket No. 41).  Since then, I have given considerable thought to the wisdom of my participation in the scheduled settlement conference.

ORDER - 1

While I have absolutely no idea which five or more parties and their counsel filed consents, it is equally unknown to me which party and counsel filed the objection on March 10, 2006.  In all candor, however, the filing of the objection does create an uncomfortable and awkward situation for me to participate further participate in this case, even for the limited purpose of conducting a judicially supervised settlement conference.

In order to help counsel understand my recusal, I will explain the reasons I have concluded it best that I not participate further in this particular case.  In my view, the objection that was filed on March 10, 2006 is no different in either substance or purpose than a disqualification of a state district court judge pursuant to Rule 40(d)(1) Idaho Rules of Civil Procedure.  With that well-formed view in mind, I do not feel comfortable, or frankly interested, in presiding over one portion of the action, especially where a judicially supervised mediation requires ex parte, in camera, private and close consultation with counsel and the parties, along with open, candid, honest and objective communications and interaction with the parties and their counsel, where one of those parties or their counsel do not wish to have me preside over another portion of the case.  Unlike the procedure in state court where it is a matter of record which party or counsel has an objection to that particular judge presiding over the case, the consent process under 28 U.S. Code § 636(c) is considerably different.  In my view, Rule 40(d) I.R.C.P is a much better and more principle-based process than its federal counterpart applicable here, a process that may lead to speculation and supposition that may or may not have any basis beyond the case at issue.

In reviewing the roster of lawyers appearing in this case, I am able to candidly say without any reservation or qualification that I have known and thoroughly enjoyed working with each of them over a period of many years.  That experience has been, at least from my perspective, a

ORDER - 2

good relationship on both a personal and professional basis that I would not want to change in any respect.

With all of this in mind, if I were to conduct the settlement conference as scheduled I would not want any of these attorneys, all of whom I respect, or their clients, to feel uncomfortable, or be subconsciously concerned that my analysis of the claims or defenses of the parties, my evaluations of the merit or lack of merit of those respective positions, or my personal interaction with them and their clients during the settlement conference were in any manner adversely affected, or colored in any way, as a result of the objection being filed.   Likewise, I don't want to place myself in that situation either.

Accordingly, where one attorney or his or her client do not wish to have me serve as the judge presiding over the case, I do not feel it is appropriate or good practice that I preside over the judicially supervised mediation and settlement conference presently scheduled for April 5, 2007, and it is hereby vacated.

## ORDER

IT IS THEREFORE HEREBY ORDERED that the settlement conference currently scheduled for April 5, 2007 at 10:00 a.m. is VACATED.

DATED:  **February 22, 2007**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER - 3